**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 27 2012, 8:57 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ZACHARY A. WITTE**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| TODD FULLER, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 02A03-1205-CR-223 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D05-1202-FD-194

**December 27, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

## STATEMENT OF THE CASE

Todd Fuller appeals his aggregate three-year sentence for Class D felony domestic battery in the presence of a child and Class A misdemeanor interference with the reporting of a crime.  We affirm.

## ISSUES

Fuller raises two issues on appeal:

I.     Whether the trial court abused its discretion in sentencing him.

II.    Whether his sentence is inappropriate.

## FACTS AND PROCEDURAL HISTORY

In February 2012, Fuller returned home heavily intoxicated after a night of drinking with friends and started arguing with his wife Amy Fuller.  The yelling woke up their one-year-old child B.F., and Fuller continued to yell as Amy tried to get B.F. back to sleep.  Amy then carried B.F. in her arms and attempted to walk to another room so B.F. would fall asleep.  Fuller followed them, still yelling, and struck Amy with a closed fist on the left side of her face just below the eye, causing redness and bruising.  Amy was still holding B.F. at the time Fuller struck her.

Amy tried to use their home phone to call the police, but Fuller knocked it out of her hands, stomped on it, and broke it.  As Fuller pulled the phone lines out of the wall, Amy fled to a neighbor's residence with B.F. and contacted the Fort Wayne Police Department.  When the police arrived, Amy told them that Fuller always hits her in the same location on her face and that it had been worse in the past.

2

The State charged Fuller with Class D felony domestic battery and Class A misdemeanor interference with the reporting of a crime. Fuller pleaded guilty without the benefit of a plea agreement.

At the sentencing hearing, the trial court found Fuller's guilty plea as the only mitigator. As aggravators, the court noted his criminal history, the circumstances of the offense, and the failure of prior attempts at rehabilitation. The court stated it would sentence Fuller to three years with six months suspended to probation on the battery conviction and a concurrent one year on the interference conviction. The court then explained to Fuller his right to appeal and asked him if he wished to appeal. He indicated he did, and the court requested counsel to perfect the appeal. The prosecutor then informed the court that the bailiff said Fuller was refusing to sign the order requiring him to have no contact with Amy. At that point, Fuller said, "I'll sign. I'll sign it. I'll sign it." Tr. p. 17. When the court asked the bailiff for verification, the bailiff said, "He said he didn't want to sign it." *Id.* at 18. The court then said, "All right. You know what? I'll just make this really easy. Considering that, I'll just give him three years in the Indiana Department of Correction[ ]. The[re]'ll be no probation in this case." *Id.* Fuller now appeals.

DISCUSSION AND DECISION

I. ABUSE OF DISCRETION

Fuller contends that the trial court abused its discretion when it changed his sentence from three years with six months suspended to probation to three years fully executed without finding any additional aggravators.

3

Subject to the review and revision power discussed below, sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.*

Here, the trial court found that the aggravators outweighed the mitigator and imposed an aggregate sentence of three years with six months suspended to probation. However, after learning that Fuller refused to sign the no-contact order, the court reevaluated its initial sentencing determination and decided that Fuller's defiance warranted a fully executed sentence. We cannot conclude that merely because the court had already pronounced the sentence that it could not reconsider it in light of Fuller's subsequent actions at the sentencing hearing. Put another way, until the court signed and entered the sentencing order, the issue of sentencing remained *in fieri*.

In determining whether the trial court abused its discretion in sentencing, we consider only the sentence that was ultimately imposed. The trial court imposed three years with no period of probation. Probation is a matter of grace left to the trial court's discretion, not a right to which a criminal defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Given that Fuller has had prior revocations of probation, the trial court was well within its discretion in not granting probation.

## II. INAPPROPRIATE SENTENCE

Fuller also contends that his sentence is inappropriate. Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer*, 868 N.E.2d at 491). The defendant has the burden of persuading us that his sentence is inappropriate. *Id.* (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

We first look to the statutory ranges established for the classes of the offenses. Fuller pleaded guilty to a Class D felony and a Class A misdemeanor. The statutory range for a Class D felony is between six months and three years, with the advisory sentence being one and a half years. Ind. Code § 35-50-2-7(a) (2005). For a Class A misdemeanor, a person may not be imprisoned for more than one year. Ind. Code § 35-50-3-2 (1977). The trial court imposed the maximum term on each count and ordered them to be served concurrently, for an aggregate sentence of three years.

We next look to the nature of the offenses and Fuller's character. As to the nature of the offenses, Fuller returned home drunk and picked a fight with his wife. She tried to walk away, but he followed her and punched her in the face while she was carrying their one-year-old child. When she tried to call the police, he smacked the phone out of her

5

hands, stomped on it, broke it, and pulled the phone lines out of the wall. His wife had to flee with their child to a neighbor's residence to call the police.

As to Fuller's character, he has both juvenile and adult criminal records. As a juvenile, he was reprimanded and released for shoplifting. He was also found delinquent for theft, had his probation revoked, and was committed to the Indiana Boys' School. As an adult, Fuller has accumulated prior convictions for twelve misdemeanors and three felonies. Keeping in mind that the incident here involved intoxication and battery, we note that his prior crimes have included, among others, two convictions for battery and several drug and alcohol convictions. Fuller has been given the benefit of probation but has had it revoked. Moreover, there was evidence that Amy's face had just healed from Fuller punching her on New Year's Eve when these offenses occurred. According to the probable cause affidavit, which was made a part of the record, Amy had told the police that Fuller always hits her in the same place and indicated that her injuries had been worse in the past. The presentence investigation report shows that he is at high risk to reoffend. In addition, Fuller used to be a member of the Outlaws or at least "h[u]ng around them all the time." Appellant's App. p. 15; Tr. p. 13.

Fuller nonetheless argues that his sentence is inappropriate because the trial court improperly used the nature of the domestic battery offense twice against him: first, his argument goes, because the domestic battery was elevated from a Class A misdemeanor to a Class D felony due to the presence of a child; and second, because the court cited the circumstances of the offense as an aggravator, specifically, that "[a]ny time a man takes his fist and puts it in the face of a woman, that's about as aggravating as you can get."

6

Tr. p. 14. We disagree. Simply because the legislature has elevated the offense of domestic battery to a Class D felony if it is committed in the presence of a child does not prohibit the trial court from using other circumstances of the crime as an aggravator.

Fuller has failed to persuade us that his three-year sentence is inappropriate.

<u>CONCLUSION</u>

For the reasons stated, we affirm Fuller's sentence.

Affirmed.

BROWN, J., and PYLE, J., concur.